IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:09-cv-601-FtM-29DNF/STEELE/FRAZIER

ROSEMARIE M.,

    Plaintiff,

vs.

JOHN T. MORTON, Assistant Secretary, U.S. Immigration and Customs Enforcement (ICE), MICHAEL ROZOS, Director for Detention and Removal Operations (DRO), Miami Field Office, ICE, MICHAEL HORNETT, Supervisory Detention and Deportation Officer, Glades County Detention Center, ICE, STUART WHIDDON, Glades County Sheriff, STACY M. BRITT, Health Services Administrator, Armor Correctional Health Services, Inc., MARSHA DAVENPORT, Acting Director Division of Immigration Health Services (DIHS), OLGA GRAJALES, Medical Director, DIHS,

    Defendants.
_____/

## DEFENDANTS, STACY M. BRITT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW the Defendant, STACY M. BRITT., by and through her undersigned attorneys, and hereby file this, her Answer and Affirmative Defenses to Plaintiff's Complaint, and states as follows:

1. Each and every allegation contained in Plaintiff's Complaint which is not specifically admitted herein is denied and strict proof is demanded thereof.

2. Defendant admits the allegations contained in paragraphs 6, 36, 109 and 118 of the Plaintiff's Complaint.

3. Defendant admits that in paragraph 18 of the Plaintiff's Complaint this paragraph quotes a portion of the cited opinion.

4. Defendant admits that in paragraph 19 of the Plaintiff's Complaint this paragraph quotes a portion of the cited opinion.

5. Defendant admits that in paragraph 20 of the Plaintiff's Complaint this paragraph quotes a portion of the cited opinion.

6. Defendant admits that in paragraph 21 of the Plaintiff's Complaint this paragraph refers to a portion of the cited opinion.

7. Defendant admits that in paragraph 22 of the Plaintiff's Complaint this paragraph quotes a portion of the cited opinion.

8. Defendant admits that in paragraph 23 of the Plaintiff's Complaint this paragraph refers to a portion of the cited opinion.

9. Defendant admits that in paragraph 24 of the Plaintiff's Complaint this paragraph quotes a portion of the cited opinion.

10. Defendant admits that in paragraph 25 of the Plaintiff's Complaint this paragraph quotes a portion of the cited opinion.

11. Defendant admits only that the medical records speak for themselves but denies the remainder of the allegations as phrased in paragraphs 38, 39, 41, 45, 49, 5 0, 56, 57, 66, 68 and 93 of the Plaintiff's Complaint.

12. Defendant denies the allegations contained in paragraphs 2, 3, 4, 12, 15, 16, 17, 29, 37, 40, 43, 44, 46, 48, 52, 53, 54, 60, 65, 69, 70, 71, 73, 74, 77, 83, 89, 99, 100, 128, 130, 131, 132, 138, 139, 140, 141, 142, 144, 145, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 159 and 160 of the Plaintiff's Complaint and demand strict proof thereof.

13. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraphs 1, 5, 7, 26, 27, 28, 30, 31, 32, 33, 34, 35, 42, 47, 51, 55, 58, 59, 61, 62, 63, 64, 67, 72, 75, 76, 78, 79, 80, 81, 82, 84, 85, 86, 87, 88, 90, 91, 92, 94, 95, 96, 97, 98, 101, 102, 103, 104, 105, 106, 107, 108, 110, 111, 112, 113, 114, 115, 116, 117, 119, 120, 121, 122, 123, 124, 125, 126, 127, 129, 133, 134, 135, 136, 137 and 143 of the Plaintiff's Complaint; therefore these allegations are deemed denied and Defendant demands strict proof thereof.

14. As to paragraphs 8, 9, 10, 11, 13, 14 and 158 of the Plaintiff's Complaint, these paragraphs are not addressed to this Defendant and this Defendant is without sufficient knowledge to admit or deny the allegations in these paragraphs therefore, these allegations are deemed denied and strict proof is demanded thereof.

## **AFFIRMATIVE DEFENSES**

15. Further answering and as an affirmative defense, this Defendant alleges that Plaintiff's Complaint fails to state or set forth claims against this Defendant upon which relief can be granted.

16. Further answering and as an affirmative defense, this Defendant would show that some or all of Plaintiff's claims against her are barred by the applicable statute of limitations.

17. Further answering and as an affirmative defense, this Defendant alleges that Plaintiff's Complaint fails to state or set forth a claim against this Defendant under 42 U.S.C. § 1983.

18. Further answering and as an affirmative defense, the claims and allegations set forth in Plaintiff's Complaint, even if taken as true, do not state a claim for relief under 42 U.S.C. § 1983, as any deprivation alleged therein does not rise to the level of a constitutional tort. As such, this Defendant respectfully submits that this Court lacks subject matter jurisdiction over Plaintiff's Complaint.

19. Further answering and as an affirmative defense, this Defendants would show that Plaintiff was not deprived of any constitutionally protected life, liberty or property interests without due process of law, nor were Plaintiff's rights under any amendments to or provisions of the United States Constitution or federal laws violated by this Defendant.

20. Further answering and as an affirmative defense, any and all of Plaintiff's claims against this Defendant are barred in whole or in part by the doctrine of qualified immunity, official immunity, sovereign immunity and discretionary act immunity and federal law.

21. Further answering and as an affirmative defense, to the extent as may be shown by the evidence through discovery, this Defendant asserts that the matters in question and Plaintiff's damages, if any, were caused by acts and/or failures to act of persons other than this Defendant.

22. Further answering and as an affirmative defense, this Defendant asserts that Plaintiff's contributory negligence was the cause of any alleged injuries that she alleges to have suffered.

23. Further answering and as an affirmative defense, this Defendant asserts that Plaintiff cannot establish that this Defendant instituted any unconstitutional policy or procedure that led to a violation of his constitutional rights, such that Plaintiff's claims under 42 U.S.C. § 1983 fail as a matter of this Defendant alleges that Plaintiff's Complaint.

Case 2:09-cv-00601-JES-DNF   Document 43   Filed 11/09/2009   Page 5 of 7

Rosemarie M. v. John T. Morton, et al.
CASE NO. 2:09-cv-601-FtM-29DNF/STEELE/FRAZIER

24. Further answering and as an affirmative defense, this Defendant asserts that Plaintiff's claims are barred by her failure to exhaust administrative remedies prior to filing suit.

25. Further answering and as an affirmative defense, this Defendant asserts that the Plaintiff has failed to comply with the requirements of Florida Statutes Section 766.106 and Florida Rule of Civil Procedure 1.650 regarding presuit screening of claims for medical malpractice and is barred from recovering in this action.

26. Further answering and as an affirmative defense, this Defendant asserts that at the time of the incident alleged in Plaintiff's Complaint, she was a governmental actor, and therefore cannot be held liable on a theory of respondeat superior.

27. Further answering and as an affirmative defense and alternatively, this Defendant asserts that all or a part of Plaintiff's damages herein were partially or totally caused by non-parties or persons over whom this Defendant had no dominion or control, and, therefore, this Defendant seeks entitlement to the defenses and privileges set forth in Section 768.81(3), Florida Statutes with respect to apportionment of fault principles. This Defendant is aware that the Plaintiff has chosen to file her Complaint and bring an action against other named defendants namely, JOHN T. MORTON, MICHAEL ROZOS, MICHAEL HORNETT, STUART WHIDDON, MARSHA DAVENPORT and OLGA GRAJALES . If the Plaintiff meets the burden of proof against those Defendants and this Defendant, then this Defendants intends to avail herself of the then controlling law concerning apportionment of damages. Specifically stated, this Defendant relies upon the allegations and the proof to be presented by the Plaintiff as to the other named Defendants in this action as the basis for this defense.

Dated on: November 9, 2009

Respectfully submitted,

BILLING, COCHRAN, LYLES
MAURO & RAMSEY, P.A.
Attorneys for Def/BRITT
SunTrust Center - Sixth Floor
Fort Lauderdale, FL 33301
Tel: 954-764-7150; Fax: 954-764-7279
Florida Bar No. 064092
E-Mail: dll@bclmr.com

By: /s/ Daniel L. Losey
　　　Daniel L. Losey

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of November 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

Tania Galloni, Esq.
Email: tgalloni@fiacfla.org
Florida Immigrant Advocacy Center
3000 Biscayne Blvd., Suite 40
Miami, FL 33137
Tel: 305/573-1106, ext. 1080
Fax: 305/576-6273
Attorney for Plaintiff
Notice of Electronic Filing generated
by CM/ECF

Rosemarie M. v. John T. Morton, et al.
CASE NO. 2:09-cv-601-FtM-29DNF/STEELE/FRAZIER

Kyle Scott Cohen, Esq.
Email: Kyle.Cohen@usdoj.gov
US Attorney's Office - FLM
Room 3-137
2110 First St.
Ft. Myers, FL 33901
Tel: 239/461-2200
Attorney for Defs/Morton, Rozos, Hornett,
Davenport & Grajales
Notice of Electronic Filing generated
by CM/ECF

Bruce W. Jolly, Esq.
Email: bruce@purdylaw.com
Purdy, Jolly, Giuffreda & Barranco, P.a.
2455 E. Sunrise blvd., Suite 1216
Ft. Lauderdale, FL 33304
Tel: 954/462-3200
Fax: 954/462-3861
Attorney for Def/Whiddon
Notice of Electronic Filing generated
by CM/ECF


/s/ Daniel L. Losey
Daniel L. Losey